IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY SMILEY,
        Plaintiff,

v.                                     Civil Action No. 3:18-cv-60-JAG

FORCEPOINT FEDERAL LLC,
        Defendant.

## OPINION

Diversity jurisdiction requires complete diversity of the parties, and the citizenship of a hybrid entity such as a limited liability company is that of *all* of its members.

In this case, the plaintiff previously brought his state law claims before this Court, which dismissed the complaint after three futile attempts to establish the members of the defendant LLC. Spurned by the cruel limits of federal jurisdiction, the plaintiff brought his case in the Henrico County Circuit Court in December 2017. A month later, however, the plaintiff again found himself in federal court after the defendant removed the case. Ultimately, the defendant acknowledged that it could not, as required by law, provide the Court with the membership of the various hybrid entities that make up the defendant LLC. The Court then remanded, and the plaintiff moved for attorneys' fees for the costs of filing the motion to remand and the motion for attorneys' fees.

It is well established that an LLC's citizenship, for the purpose of diversity jurisdiction, consists of the citizenship of all of its members. Where an LLC's members consist of other LLC's or other types of hybrid entities, the parent-LLC's citizenship consists of all of the members of its child-hybrids. The Court therefore grants the motion for attorneys' fees.

# I. BACKGROUND

The plaintiff, Jeffrey Smiley, filed a complaint in federal court on April 24, 2017, based on diversity jurisdiction.[1] The Court ordered Smiley to file an amended complaint specifying the grounds for diversity. Smiley filed an amended complaint, but the Court ordered him to file a second amended complaint because he still did not prove diversity. The Court dismissed Smiley's complaint without prejudice when he failed to establish diversity in his second amended complaint. Forcepoint admitted that diversity existed in its answer, but it did not provide any information to help Smiley prove diversity.

Smiley refiled his original complaint in state court on December 21, 2017. Despite the recent prolonged diversity debacle, Forcepoint removed the case to this Court asserting diversity jurisdiction. Smiley filed a motion to remand, and in response, Forcepoint moved to consolidate the case with another action properly before the Court that raised a federal question. The Court denied the motion to consolidate and the motion to remand, but ordered Forcepoint to provide an affidavit with the complete citizenship of its members so that the Court could determine Forcepoint's citizenship. The Court then remanded the case to state court after Forcepoint could not identify the citizenship of its members.

## II. DISCUSSION

Smiley seeks to recover $6,375.00 in costs associated with removal under 28 U.S.C. § 1447(c), which reads:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

---

[1] *Jeffrey Smiley v. Forcepoint Federal*, Civ. Action. No. 3:17-cv-316.

The test for granting attorneys' fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* For example, a party's "failure to disclose facts necessary to determine jurisdiction" constitutes an unusual circumstance. *Id.* Ultimately, the district court has "discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

Here, Forcepoint lacked an objectively reasonable basis for removal. In Smiley's original case, the Court explained on three occasions that the citizenship of LLC's depends on the citizenship of its members. *Smiley v. Forcepoint Federal LLC*, No. 3:17-cv-316 (Dk. Nos. 19, 22, 32.) This explanation echoes the well-established principle that LLC's derive their citizenship from their members. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). If one of the LLC's members is itself another LLC or some other hybrid entity, then the party needs to identify the second entity's members until it reaches a person or corporation. *Nahigian v. Juno-Loudoun, LLC*, 661 F. Supp. 2d 563, 566 (E.D. Va. 2009) ("The law is clear, however, that '[a] limited liability company organized under the laws of a state is not a corporation' and therefore, its citizenship, for diversity purposes, is identical to that of all of its members. Juno [LLC, whose sole member is another LLC with members who reside in Florida and Massachusetts,] is therefore a citizen of Florida and Massachusetts, for diversity purposes.") (quoting *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004).

In the prior case before Judge Lauck, Smiley as the plaintiff understandably could not prove the citizenship of Forcepoint's sprawling ownership structure, which required the Court to dismiss the case. In this instance, however, Forcepoint had already seen that identical case tossed from federal court and also stood in the best position, as the hybrid entity in question, to provide its own membership structure to the Court to establish jurisdiction. When asked to do so, it simply failed. For that reason, Forcepoint lacked an objectively reasonable basis for removal, and attorneys' fees are appropriate.

The plaintiff has provided an affidavit with the hours worked to remand the case and file the present motion. The Court finds these hours reasonable and finds the hourly rate of $300 reasonable as well.

### III. CONCLUSION

The Court recognizes the many benefits of hybrid business structures and LLCs. The entities help to obscure ownership and offer tax and liability incentives to their members. One consequence, however, is that the ownership structure may often break the complete diversity of citizenship necessary to establish federal jurisdiction. This Court has repeatedly required LLCs to prove their membership all the way down the LLC rabbit hole, and this case warrants attorneys' fees.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

/s/
John A. Gibney, Jr.
United States District Judge

Date: July 3 1 , 2018
Richmond, VA

4